

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| STEVEN RICHARD WATSON, JR., | § |
| | § |
| Applicant, | § |
| | § |
| VS. | § NO. 4:09-CV-025-A |
| | § (Consolidated with |
| | § No. 4:09-CV-192-A) |
| RICK THALER, | § |
| Director, Texas Department | § |
| of Criminal Justice, | § |
| Correctional Institutions | § |
| Division, | § |
| | § |
| Respondent. | § |

O R D E R

Came on for consideration the above-captioned action wherein Steven Richard Watson, Jr. ("Watson"), is applicant and Rick Thaler, Director, Texas Department of Criminal Justice, Correctional Institutions Division ("Director"), is respondent. This is an application for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.[1] On September 4, 2009, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation ("proposed FC&R"), and ordered that the parties file objections, if any, thereto by September 25, 2009. After

---

[1] Applicant refers to his application as "petition" and to himself as "petitioner." Consistent with the language of 28 U.S.C. § 2254, the court uses the terms "applicant" and "application" instead of "petitioner" and "petition."

the court granted Watson's request for an extension of time, he timely filed objections, and respondent made no further response.

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a <u>de novo</u> determination of those portions of the proposed findings or recommendations to which specific objection is made. <u>United States v. Raddatz</u>, 447 U.S. 667 (1980). The court need not consider any nonspecific objections or any frivolous or conclusory objections. <u>Battle v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

As characterized by the magistrate judge, Watson asserts the following bases for relief in his application: (1) ineffective assistance of counsel because failing to employ a licensed expert psychologist to cross-examine the child witness was not sound trial strategy; (2) defense was prevented from fully cross-examining the officer to whom the child victim made his outcry statement; (3) the state was allowed to call multiple witnesses to relate to the jury statements on the same issue; and (4) there was no evidence or factually insufficient evidence to support his conviction. Watson also requested an evidentiary hearing. The magistrate judge recommended that Watson's application be denied.

Watson concedes that the magistrate judge's conclusion is correct as to his second claim concerning cross-examination by the officer to whom the child victim made his outcry. As to his remaining claims, Watson primarily urges that such claims are best resolved or explored in an evidentiary hearing such as he has requested, or he refers back to his initial claims. The court need not respond to such non-specific objections. See Battle, 834 F.2d at 421.

The magistrate judge also found that Watson has not shown his entitlement to a hearing under 28 U.S.C. § 2254(e)(2) or any reason why the court should exercise its discretion to hold such a hearing. Watson's objections offer nothing as would demonstrate otherwise.

Watson has not presented anything in his objections as would change the magistrate judge's conclusion.

Therefore,

The court accepts the recommendation of the United States Magistrate Judge and ORDERS that Watson's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby,

denied.

    SIGNED January \_\_11\_\_, 2010.

                                          JOHN McBRYDE  
                                          United States District Judge